JUSTICE COTTER
concurs and dissents.
¶41 I concur in the Court’s Opinion through ¶ 35.1 dissent from the Court’s holding that the entire lease agreement is unenforceable by Crestview.
¶42 I do not dispute that the Court has the statutory right to declare the entire lease unenforceable under § 70-24-404(l)(a), MCA. However, I would conclude that because we have just declared for the first time that accelerated rent provisions and clauses requiring deduction of future rent from security deposits are unlawful, and that a prospective clause obliging tenants to pay a landlord’s attorney fees is prohibited under the Landlord and Tenant Act, it is premature and unconscionable to declare the entire lease agreement unenforceable. I would refuse to enforce the offending clauses but hold the remainder of the lease valid. Such a holding would rectify the injustice to Summers without unduly prejudicing Crestview, while serving as a forewarning to other landlords who refuse to prospectively strike from their lease agreements those provisions here declared unlawful.
¶43 I reach this conclusion for a number of reasons. First, it bears noting that the parties here entered into a 1-year lease which obligated Summers to pay 12 monthly installments of rent. Two months into the lease, Summers notified Crestview that he was terminating his lease and did not intend to pay the balance of the rent due. While I believe we rightly conclude that future unpaid rent may not be deducted from a security deposit, the provision of § 70-25-201(1), MCA, on this point is not as clear as it could be. As we note at ¶ 13 of the Opinion, this provision permits a landlord to deduct from the security deposit “unpaid rent... and other money owing to the landlord at the time of deduction.” As Crestview knew by August 2006 that Summers was not going to pay any more rent, it may well have believed in November 2006 when it made the deductions that the unpaid rent was owing to it “at the time of deduction.” Again, I am not disputing the correctness of the Court’s conclusion that the deduction was wrongful and the clause is void; what I am saying is that without the benefit of a clear *136 statutory or judicial declaration that such a deduction is not permitted, Crestview was arguably entitled to its interpretation of the statutory language.
¶44 We also conclude that an accelerated rent provision is unenforceable because it conflicts with the landlord’s duty to mitigate damages under § 70-24-401(1), MCA. Opinion, ¶ 27. While correct in my view, this conclusion was likewise not inescapable; in fact, it takes us 5 pages of step-by-step analysis to reach it, in large part because there is no outright prohibition in § 70-24-202, MCA, or any other provision of the Landlord and Tenant Act against rent acceleration. For the reasons noted above in ¶ 43, and given the general rule that acceleration of unpaid rent upon breach of a lease is an otherwise acceptable remedy (see e.g. § 30-2A-109, MCA, addressing the option to accelerate payment under a consumer lease), I would not find that inclusion of this provision is so draconian that it compels a declaration that the entire lease is unenforceable.
¶45 It goes without saying that landlords around the state likely have the same or similar provisions in their form leases as those at issue here. Our determination that the inclusion of such clauses renders an entire lease unenforceable may well have dramatic consequences for these landlords, who-until this Opinion is published-will not be on notice that such lease provisions are unlawful.
¶46 Section 70-24-404(l)(a), MCA, provides that a court may refuse to enforce an offending agreement or “enforce the remainder of the agreement without the unconscionable provision to avoid an unconscionable result.” I would pay heed to the statutory suggestion that we enforce the remainder of the contract without the offending provisions, so as “to avoid an unconscionable result,” and I dissent from our refusal to do so. Crestview and other Montana landlords ought to have notice of our decision and time to correct their leases to comply with our statements of the law, before being placed at risk of having their existing leases nullified in their entirety.
¶47 I therefore concur in part and dissent in part.
JUSTICE NELSON joins the Concurrence and Dissent of JUSTICE COTTER.